Rebecca A. Peterson (241858)
RPeterson@4-justice.com
1650 West 82nd Street, Suite 880
Bloomington, MN 55431
Tel.: (612) 778-9595
Fax: (888) 421-4173
**GEORGE FELDMAN MCDONALD, PLLC**

Julie U. Liddell (*pro hac vice* forthcoming)
julie.liddell@edtech.law
W. Andrew Liddell (*pro hac vice* forthcoming)
andrew.liddell@edtech.law
904 Rio Grande Street, Suite 100
Austin, TX 78701
Tel.: (737) 351-5855
**EDTECH LAW CENTER PLLC**

*Attorneys for Plaintiffs*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN ROE AND JANE ROE, on behalf of themselves and their minor child, M.C, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 3:25-cv-08927-AMO <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO STRIKE AND TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** <br><br> Date: May 14, 2026 <br> Time: 2:00 p.m. <br> Location: 19th Floor, Courtroom 10 <br> Judge: Hon. Araceli Martinez-Olguín |

## I. INTRODUCTION

Plaintiffs sued Google, alleging that it markets its Chromebooks as "perfect" for every K–12 student while concealing that it intentionally designs them to provide children as young as five ready, broad internet access by default. Plaintiffs allege that this choice benefits Google, which makes money by collecting data from people online, but it risks hurting children, who are likely to encounter harmful content and adult strangers, as M.C. did while using his school-issued Chromebook.

Google timely filed a Motion to Dismiss Plaintiffs' Amended Complaint ("MTD"), as well as a Request for Judicial Notice ("RJN") asking the Court to consider four webpages in resolving Google's MTD. Google asks the Court to incorporate the webpages by reference, take judicial notice of them, or both. Google fails to show that either request may be granted.

***First***, the incorporation-by-reference doctrine does not apply to Google's exhibits because Plaintiffs refer to their content only briefly—if at all—in their Amended Complaint ("FAC"), and because none of the references or cited content form the basis of, or are central to, the claims.

***Second***, judicial notice is unsupported because Google does not specify the facts it seeks noticed. Even if it had, its request is also improper because the content of the webpages is subject to reasonable dispute, and Google seeks to use them only to dispute or defend against Plaintiffs' claims and allegations.

Because neither incorporation by reference nor judicial notice is permissible, Google's RJN should be denied in its entirety.

## II. LEGAL STANDARD

**A. Standards governing incorporation by reference.**

"Incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A court may incorporate a document into the complaint if "the plaintiff refers extensively to the document" or if "the document forms the basis of the plaintiff's claim." *Id*. However, "the mere mention of the existence of a document is insufficient to incorporate the contents of a document[.]" *Id*. (cleaned up). The incorporation-by-reference doctrine generally permits courts to accept the truth of matters asserted in incorporated documents, but "it is improper to do so only to resolve

factual disputes against the plaintiff's well-pled allegations in the complaint." *Pampena v. Musk*, 705 F. Supp. 3d 1018, 1037–38 (N.D. Cal. 2023).

**B. Standards governing judicial notice.**

Facts subject to judicial notice are those "not subject to reasonable dispute," either because they are "generally known within the trial court's territorial jurisdiction" or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Courts must also consider and identify which fact or facts they are noticing. *Khoja*, 899 F.3d at 999. "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*. Courts may take judicial notice of matters within a document but may not take judicial notice of disputed facts contained within the document. *Id*.

### III.  ARGUMENT

**A. Google's exhibits may not be incorporated by reference.**

Google contends that the Court should incorporate certain of its webpages, arguing that the FAC references one of them and, as to Exhibit D, the proposed document is referenced in another proposed document. RJN at 2–3. But a mere mention of a document in a complaint does not support incorporation; rather, a complaint must "extensively reference" a document, or the document must "form the basis of" or be "central to" the claims. *Id*. at 1002; *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *M.D. v. Google LLC*, No 24-CV-06369, 2025 WL 2710095, *3 (N.D. Cal. Sept. 23, 2025). Google's exhibits do not meet those requirements.

**1. Google's "Privacy and Security" webpage**

Regarding Exhibit A—Google's "Privacy and Security" webpage from Google's "Google for Education" website, which constitutes a ten-page exhibit—the FAC references only one screenshot and a brief quote from within that screenshot, as follows:

> 172. On its Google for Education Privacy and Security webpage, for example, Google states that its Products "create a safer digital learning environment for every school, every classroom, and every student":
>
> **Safer digital learning with Google for Education**
>
> Google for Education provides industry-leading education technology that helps create a safer digital learning environment for every school, every classroom, and every student. Maintain control of your school's data with tools that are secure by default and private by design.

¶ 172. The reference illustrates Google's false and misleading statements about the alleged safety of its products. ¶¶ 163–81. Such a limited reference does not constitute "extensive" references to the webpage. Further, the allegation is not central to, and does not form the basis of, any claims because none of the claims sound in fraud. Thus, the webpage thus does not satisfy any of the conditions necessary for incorporation by reference. *See Khoja*, 899 F.3d at 1002; *Marder*, 450 F.3d at 448; *M.D.*, 2025 WL 2710095 at *3.

Further, Google's cited authority is inapposite. In *M.D. v. Google LLC M.D.*, the court considered certain documents incorporated by reference, but noted that although the plaintiffs argued against the consideration of the materials in their brief, the plaintiffs' counsel "made clear at the hearing [on defendants' motion to dismiss] that they did not object to the Court considering the materials submitted for judicial notice in its assessment of the motions to dismiss," and that "Plaintiffs even relied on the materials in support of their arguments." No. 24-CV-06369, 2025 WL 2710095 at *3 (N.D. Cal. Sept. 23, 2025). Because those circumstances are not present here, *M.D.* provides Google no support.

**2. The "Google Workspace for Education Terms of Service" webpage**

Google contends that Exhibit B—its "Google Workspace for Education Terms of Service" ("TOS") webpage, which constitutes a 17-page exhibit—should be incorporated because the FAC quotes language from it. RJN at 2. Not so: the FAC references "Google's policies" generally, not the

1  TOS specifically, in stating that Google deems itself a "school official" under the Family Education
2  Rights and Privacy Act ("FERPA"). ¶¶ 159, 281, 283, 284. Even if the FAC had quoted the TOS, quoting
3  two words—"school official"—from a document containing more than 13,000 words does not constitute
4  "extensive" reference to that document. Further, any provision discussing Google as a "school official"
5  is wholly unrelated to the purpose for which Google seeks incorporation of the TOS, namely, to invoke
6  its disclaimers as a defense to Plaintiffs' claims. But the Plaintiffs do not seek to enforce the TOS; they
7  are not parties to it; and, in fact, they make clear throughout the FAC that Google undertook no effort
8  to obtain their consent to any of its terms for any purpose. ¶¶ 77, 159–61, 191, 280. Thus, the TOS is
9  not "the basis of" or "central to" Plaintiffs' claims. *See Aledlah v. S-L Distribution Co., LLC*, No. 20-
10 CV-00234, 2020 WL 2927980, at *3 (N.D. Cal. June 3, 2020) (declining to incorporate agreements
11 because plaintiffs' claims were "not reliant on the terms of any of the agreements").

12 Further, as with Exhibit A, Google cites to *M.D.* in support of its arguments regarding the TOS.
13 RJN at 2–3. But that case does not support Google's argument for the reasons previously stated. *See*
14 *M.D.*, 2025 WL 2710095 at *3. Google thus fails to show that its TOS may be incorporated. *Khoja*, 899
15 F.3d at 1002; *Marder*, 450 F.3d at 448;

16    **3.   Google's general "Terms of Service" webpage**

17 Google seeks incorporation of Exhibit C—Google's Terms of Service for Google Search,
18 Google Chrome, and Chrome OS ("GTOS"), a 19-page exhibit—because the FAC quotes from it for
19 jurisdictional purposes and because the Plaintiffs challenge the three Google products purportedly
20 subject to it. RJN at 3. Both aspects of Google's argument fail.

21 *First*, Plaintiffs quote only part of one sentence of the GTOS, stating that "one of Google's terms
22 of use mandates that all 'disputes will be resolved exclusively in the federal or state courts of Santa
23 Clara County, California.'" ¶ 146. The FAC does not otherwise reference or rely on the GTOS in any
24 way. A partial quote of one sentence of the GTOS only for jurisdictional purposes does not constitute
25 extensive reference to the GTOS. *See Khoja*, 899 F.3d at 1003 ("For extensively to mean anything . . .
26 it should, ordinarily at least, mean more than once.") (cleaned up); *Coto Settlement v. Eisenberg*, 593
27 F.3d 1031, 1038 (9th Cir. 2010) ("[T]he mere mention of the existence of a document is insufficient to
28 incorporate the contents of the document."). Further, and again, Google's purpose for seeking

4

incorporation of the GTOS is to again invoke its disclaimers, an issue entirely unrelated to jurisdiction or the basis of Plaintiffs' claims. Plaintiffs do not seek to enforce any part of the GTOS, they are not parties to the GTOS, and they make clear throughout the FAC that Google did not obtain their consent to its terms for any purpose. ¶ 77, 159–61, 191, 280. Thus, the GTOS is not "the basis of" or "central to" Plaintiffs' claims. *See Aledlah*, 2020 WL 2927980 at *3.

*Second*, the cited references again do not constitute extensive reference to the GTOS, nor do the GTOS constitute the basis of Plaintiffs' claims. Plaintiffs bring several claims regarding six Google products, three of which are purportedly subject to the GTOS. None of the allegations supporting the claims reference the GTOS, rely on the GTOS, or otherwise implicate the GTOS. Plaintiffs are not parties to the GTOS, do not seek to enforce any provisions of the GTOS, and did not consent to any of Google's terms for any purpose. ¶¶ 77, 159–61, 191, 280. The GTOS cannot be central to Plaintiffs' claims when their claims in no way rely on them. *See Aledlah*, 2020 WL 2927980, at *3.

Further, the reference cited by Google regarding purported omissions in Google's terms is a single sentence, stating that "[n]owhere among Google's voluminous and sprawling terms and policies does it warn that its Products are inherently dangerous for use by K–12 students by design." ¶ 147. That sentence only generally references Google's terms and policies, not the GTOS or any other specific terms of service. A one-sentence allegation including a general reference to "terms and policies" does not constitute extensive reference to the specific GTOS cited by Google, nor does it establish that the GTOS forms the basis of Plaintiffs' claims. *See Khoja*, 899 F.3d at 1002; *Coto*, 593 F.3d at 1038; *Marder*, 450 F.3d at 448; *M.D.*, 2025 WL 2710095 at *3.

Google's cited authority is inapposite: citing *Coto Settlement*, 593 F.3d 1031, Google states that the court incorporated a document "not explicitly referred to in the pleadings" because the complaint "relie[d] heavily upon [the document's] terms and effect." RJN at 3. But the language quoted by Google is not from *Coto*; rather, it is from a Second Circuit case cited in *Coto*, which is also distinguishable from this case and is discussed below. RJN at 3, *citing Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 71 (2nd Cir. 1995). In *Coto*, the court reviewed the district court's dismissal of the plaintiff's claims based on the applicable statute of limitations and ultimately incorporated an agreement by reference, finding that the agreement was "integral" to the plaintiff's complaint because the complaint

5

1  made allegations involving issues in the agreement and because the determination of the time at which
2  the statute of limitations began to run depended upon information in the agreement. 593 F.3d at 1038.
3  However, it was the *plaintiff* who had included the agreement in the record on appeal, discussed it in his
4  response to the opposing party's motion to dismiss, and attached it to his motion for new trial in the
5  district court. *Id.* at 1037. In other words, the plaintiff not only did not dispute the incorporation of the
6  agreement, he sought the court's review of it.

7      Unlike *Coto*, Plaintiffs do not seek incorporation or review of the GTOS and do dispute its
8  relevance. Further, the GTOS is not "integral" to the claims and is not necessary—or even relevant—to
9  adjudication of Google's motion to dismiss. Plaintiffs only briefly reference it for additional
10 jurisdictional support, and the other references alleged by Google are made only generally to Google's
11 "terms and policies" and to design defects in several of Google's products. ¶¶ 5, 45, 146. Plaintiffs do
12 not reference the GTOS specifically and in no way seek to enforce the GTOS, base any claims on it, or
13 otherwise rely on or address it in any way.

14     Further, the case that actually contains the language quoted by Google, *International Audiotext*
15 *Network, Inc. v. American Telephone and Telegraph Co*, 62 F.3d 69 (2nd Cir. 1995), is also
16 distinguishable. In that case, the plaintiff alleged that AT&T's refusal to enter into a contract with the
17 plaintiff—a proposed contract that was substantially similar to one AT&T already had with a third
18 party—violated federal antitrust law. *Int'l. Audiotext Network*, 62 F.3d. at 71. The plaintiff brought suit
19 after learning of the contract and based on AT&T's refusal to enter into a similar contract with the
20 plaintiff, bringing claims for monopolization and restraint of trade. *Id*. at 71–72. Accordingly, the court
21 incorporated by reference the contract between AT&T and the third party because the plaintiff's
22 complaint "relie[d] heavily upon its terms and effect" and was "integral" to the complaint. *Id*. at 72.

23     By contrast, Plaintiffs' purported references to the GTOS—a part of a sentence regarding
24 jurisdiction; allegations of design defects, some of which the GTOS apply to; and a general reference to
25 Google's "terms and policies"—do not constitute extensive references, nor do they show that the GTOS
26 forms the basis of Plaintiffs' claims. *Khoja*, 899 F.3d at 1002; *Coto*, 593 F.3d at 1038; *Marder*, 450 F.3d
27 at 448; *M.D.*, 2025 WL 2710095 at *3. Unlike *International Audiotext*, the FAC here does not "rely
28 heavily upon" the terms and effect of the GTOS, and the GTOS is not "integral" to the FAC.

**4. Google's webpage listing services that use its general "Terms of Service"**

Google contends that Exhibit D—the list of services that use its GTOS, which constitutes a 19-page exhibit—should be incorporated by reference because Exhibit C (its general Terms of Service) "repeatedly references and links" to it. RJN at 3. Google does not contend that the FAC references, cites, or quotes any portion of the list-of-services webpage (and it does not). Rather, Google cites two cases for the proposition that one proposed document mentioning or linking to another proposed document necessarily means that the referenced document is incorporated by reference. RJN at 3 (citing *Knievel v. ESPN*, 393 F.3d 1068, 1976 (9th Cir. 2005); *Whitaker v. Cesano, Inc.*, No. 21-cv-01018, 2021 WL 1947539, at *2 n.3 (N.D. Cal May 14, 2021)). But those cases are inapposite.

In *Knievel*, the court incorporated webpages not addressed in the plaintiff's complaint, but the court did so in the context of a First Amendment analysis in a defamation case, in which it was required to consider "the totality of the circumstances" surrounding a photo and accompanying caption published by ESPN. 2021 WL 1947539 at 1074–77. The court determined that "in order to access the photograph [and caption], one must first view, at minimum, the nine photographs that precede it and the [second] home page," and the plaintiff did not dispute that determination. *Id.* at 1076–77. By contrast, Plaintiffs here never cite, reference, quote, or otherwise mention the list of services in any way in their FAC. The underlying GTOS—Exhibit C, on which Google bases it arguments for Exhibit D—is referenced only briefly for jurisdictional purposes. This is not a defamation case and does not involve First Amendment analysis. Even if the GTOS could be incorporated, resolution of Google's MTD does not require review of a list of services.

*Whitaker* is also distinguishable. That case involved the sufficiency of a hotel's online description of their accessible rooms under the Americans with Disabilities Act ("ADA"), which requires hotel-reservation websites to identify and describe accessible features in the hotels and guest rooms with a certain level of detail. *Whitaker*, 2021 WL 1947539, at *2. The plaintiff claimed that the relevant hotels' or third-party reservation websites violated the ADA and another civil-rights statute because they lacked sufficient accessibility information. *Id.* at *1. Defendant hotel sought judicial notice of reservation pages of their websites to show that the plaintiff had failed to state a claim for violation of the ADA, which the court granted. *Id.* at *2 n.3. At the heart of the claims was the language used on

7

the website, as the language itself was the subject of the alleged ADA violation. As such, the webpages were directly related to matters at issue in the case. *Id*. at *1–2. But the claims did not involve—nor did the court's analysis require assessment of—whether the language was in fact accurate.

Here, by contrast, Google's list-of-services webpage has no relevance to the basis of Plaintiffs' claims. Plaintiffs do not reference or rely on it, and the only connection Google alleges is to Exhibit C, which is also not proper for incorporation by reference as previously explained. Google's other authorities are distinguishable on the same basis. *See Garcia v. CWI Santa Barbara Hotel, LP*, No. 2:21-cv-02477-ODW (KSx), 2021 WL 3741547, at *2 (C.D. Cal. Aug. 24, 2021); *Lammey v. Omni L.A.*, LLC, No. 2:21-CV-00362, 2021 WL 3603166, at *2 (C.D. Cal. Aug. 13, 2021).

In sum, Google fails to show that any of its four exhibits are either extensively referenced in the FAC, constitute the basis of or are central to Plaintiffs' claims, or are otherwise necessary in any way to the resolution of its motion to dismiss. Accordingly, incorporation by reference of any of Google's exhibits is improper.

**B.  Google's exhibits may not be judicially noticed.**

Google also requests that the Court take judicial notice of its exhibits. RJN at 3–4. But Google fails to specify which facts within each exhibit it wants noticed. Instead, it simply requests notice of its webpages in their entirety, which combined total more than 60 pages. That failure alone justifies the court denying Google's request. *See Blake v. Canoo Inc*, No. CV 21-2873, 2022 WL 22919489, at 1 (C.D. Cal. July 19, 2022) (denying defendants' request for judicial notice because defendants did not identify which facts within each exhibit they wanted the court to judicially notice).

Even if Google had specified the facts it seeks to have noticed, its request would still fail. Google argues that the exhibits are proper for judicial notice "because they are publicly accessible websites." RJN at 3–4. It contends that "[c]ourts regularly recognize that the existence and contents of publicly accessible websites are matters not subject to reasonable dispute which can be accurately and readily determined from a reliable source." *Id*. (citing *Garcia*, 2021 WL 3741547, at *2; *Lammey*, 2021 WL 3603166, at *2; *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010)). But those cases are distinguishable. As previously discussed, *Garcia* and *Lammey* are distinguishable in that incorporation of the relevant hotels' websites or third-party reservation websites was proper where the

language of the websites was the very basis of the ADA-violation claims and thus "directly related" to the issues in dispute. *See Garcia*, 2021 WL 3741547 at *2; *Lammey*, 2021 WL 3603166 at *2. *Daniels-Hall* is distinguishable in that the court noticed the websites because "they were made publicly available by government entities . . . and neither party dispute[d] the authenticity of the web sites or the accuracy of the information displayed therein." 629 F.3d at 998. Neither of those circumstances are present here.

Further, Google's own statements on its webpages and in its terms are not "facts" that are "generally known" or "accurately and readily determined" from the webpages. *See* Fed. R. Evid. 201(b)(1)-(2); *Khoja*, 899 F.3d at 999. Whether Google complies with its own online statements or terms cannot be accurately and readily determined from those documents, and the documents contain disputed facts. Thus, taking judicial notice of the facts in the documents would be improper. *See Khoja*, 899 F.3d at 1000 ("It is improper to judicially notice a [document] when the substance of the [document] is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes."); *Michelle v. California Dep't of Corr. & Rehab.*, No. 118CV01743, 2021 WL 1516401, at *2–4 (E.D. Cal. Apr. 16, 2021) (concluding that judicial notice of documents containing disputed facts was inappropriate, and noting that disputed facts are "not facts that only an unreasonable person would insist on disputing, such as a date in a calendar, a location on a map, or . . . a policy in an agency manual.").

Accordingly, even if the four exhibits could be incorporated or noticed, they could not be considered for the truth of the matters asserted within them or as creating a defense to well-pled allegations in a complaint—the purposes underlying Google's request. *Khoja*, 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."); *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019) (finding it inappropriate to incorporate supplemental documents where the defendants "attempt[ed] to use the documents to create a disputed version of the facts alleged and/or to create a defense to the allegations in the Complaint").

Specifically, Google seeks review of Exhibit A—Google's "Privacy and Security" webpage—based on Plaintiffs' allegations that Google's algorithm pushed 11-year-old M.C. toward pornographic content. MTD at 3–4. To refute those allegations, Google cites its own statements that Google for Education features "[a]ge-based content and safer browsing" and that "[d]efault settings in Google

1  Search and YouTube limit content that might be inappropriate for students under the age of 18, with
2  flexibility for admins to adjust settings as needed." Def. Ex. A. But that is precisely what the law
3  prohibits—citing documents only to create a disputed version of or a defense to the facts alleged in the
4  complaint. *See Khoja*, 899 F.3d at 1003; *Jones*, 400 F. Supp. 3d at 905.

5  Google seeks review of Exhibit B—its Google Workspace for Education TOS—for similar
6  reasons. It seeks to invoke a disclaimer of all warranties in response to Plaintiffs' implied-warranty
7  claim. MTD at 22. As previously explained, the only reference in the FAC that could potentially be
8  attributed to Exhibit B is the allegation that Google deems itself a "school official" under FERPA. Even
9  assuming that those allegations referred specifically to that webpage, Google requests notice of it solely
10 to create a factual dispute about or a defense to the allegations, which is prohibited. *See Khoja*, 899 F.3d
11 at 1003; *Jones*, 400 F. Supp. 3d at 905.

12 Google similarly requests notice of Exhibit C—Google's general TOS applicable to three of the
13 six products challenged in the FAC—to invoke another disclaimer in defense to Plaintiffs' implied-
14 warranty claim. MTD at 22. But, as previously explained, Plaintiffs quote only a few words from that
15 webpage and for entirely unrelated jurisdictional purposes. *See Khoja*, 899 F.3d at 1003; *Jones*, 400 F.
16 Supp. 3d at 905.

17 Regarding Exhibit D—Google's list of services that use its general Terms of Service—Google
18 seeks review to show that those terms apply to some of the products at issue here. MTD at 22. But again,
19 Plaintiffs did not reference this webpage in any way in the FAC, and it has no relation to the basis of
20 Plaintiffs' claims. Exhibit C is not appropriate for incorporation or judicial notice for all the reasons
21 stated herein, including that Google's only use for it would be to create a factual dispute about or a
22 defense to one of Plaintiffs' claims. *See Khoja*, 899 F.3d at 1003; *Jones*, 400 F. Supp. 3d at 905.

23 Because Google fails to show any legal basis for the court taking judicial notice of any of its
24 exhibits, its request must be denied.

## IV. CONCLUSION

26 Plaintiffs respectfully request that the Court deny Google's Request for Judicial Notice in its
27 entirety.

28

| | |
|---|---|
| Dated: February 13, 2026 | Respectfully submitted, |
| | **EDTECH LAW CENTER PLLC** |
| | By: */s/ Julie U. Liddell*<br>Julie U. Liddell (*pro hac vice*)<br>julie.liddell@edtech.law<br>W. Andrew Liddell (*pro hac vice* forthcoming)<br>andrew.liddell@edtech.law |
| | 904 Rio Grande Street, Suite 100<br>Austin, Texas 78701<br>Tel.: (737) 351-5855 |
| | Rebecca A. Peterson (241858)<br>RPeterson@4-justice.com<br>**GEORGE FELDMAN MCDONALD, PLLC**<br>1650 West 82nd Street, Suite 880<br>Bloomington, MN 55431<br>Tel.: (612) 778-9595<br>Fax: (888) 421-4173 |
| | Lori G. Feldman (*pro hac vice* forthcoming)<br>LFeldman@4-justice.com<br>Michael Liskow (SBN 243899)<br>MLiskow@4-Justice.com<br>**GEORGE FELDMAN MCDONALD, PLLC**<br>745 Fifth Avenue, Suite 500<br>New York, NY 10151<br>Tel.: (718) 878-6433<br>Fax: (888) 421-4173 |
| | Ryan J. Ellersick (Cal Bar No. 357560)<br>**ZIMMERMAN REED LLP**<br>6420 Wilshire Blvd, Suite 1080<br>Los Angeles, CA 90048<br>Tel: (310) 752-9385 |
| | Will Horowitz (Cal. Bar No. 323961)<br>will@qureshi.law<br>Omar G. Qureshi (Cal. Bar No. 323493)<br>omar@qureshi.law<br>**QURESHI LAW PC**<br>700 Flower Street, Suite 1000<br>Los Angeles, California 90017<br>Telephone: (213) 600-6096 |
| | *Counsel for Plaintiffs* |