1  Rebecca A. Peterson (241858)
   RPeterson@hechtpartners.com
2  1650 West 82nd Street, Suite 880
   Bloomington, MN 55431
3  Tel.: (612) 778-9595
   Fax: (888) 421-4173
4  **HECHT PARTNERS, LLP**

5  Julie U. Liddell (*pro hac vice*)
   julie.liddell@edtech.law
6  W. Andrew Liddell (*pro hac vice* forthcoming)
   andrew.liddell@edtech.law
7  904 Rio Grande Street, Suite 100
   Austin, TX 78701
8  Tel.: (737) 351-5855
9  **EDTECH LAW CENTER PLLC**

10 *Attorneys for Plaintiffs*

11 [Additional counsel listed on signature page]

12
13                **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
                      **SAN FRANCISCO DIVISION**
14

15 | JOHN ROE AND JANE ROE, on behalf of themselves and their minor child, M.C, | Case No. 3:25-cv-08927-AMO |
|---|---|
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO GOOGLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY IN SUPPORT OF MOTION TO STRIKE AND TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** |
| v. | |
| GOOGLE LLC, | |
| Defendant. | Date: May 14, 2026<br>Time: 2:00 p.m.<br>Location: 19th Floor, Courtroom 10<br>Judge: Hon. Araceli Martinez-Olguín |

Plaintiffs sued Defendant Google LLC ("Google"), alleging that it markets its Chromebooks as "perfect" for every K–12 student while concealing that it intentionally designs them to provide children as young as five ready, broad internet access by default. Plaintiffs allege that this choice benefits Google, which makes money by collecting data from people online, but it risks hurting children, who are likely to encounter dangerous and sexually explicit content and adult strangers, as M.C. did while using his school-issued Chromebook.

Google timely filed a Motion to Dismiss Plaintiffs' Amended Complaint ("MTD"), as well as a Request for Judicial Notice ("First RJN"), asking the court to consider four webpages in resolving Google's MTD. ECF Nos. 24, 25. Plaintiffs filed a response to both the MTD and First RJN. ECF Nos. 34, 35. Google now files a second request for judicial notice ("Second RJN") in connection with its reply brief, in which Google seeks incorporation by reference or judicial notice of three more webpages in resolving its MTD. ECF Nos. 39, 40. Google's Second RJN must be denied.

***First***, the Court may deny the Second RJN because it "was raised for the first time in connection with a reply brief." *Frias Holding Co. v. Greenberg Traurig*, LLP, No. 2:11-CV-160-GMN-VCF, 2015 WL 1268403, at *1 (D. Nev. Mar. 19, 2015) (citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)).

***Second***, as explained in Plaintiffs' response to the First RJN, the webpages Google cites are not subject to incorporation by reference because the Plaintiffs' first amended complaint ("FAC") does not extensively reference those webpages, nor do they form the basis of any of Plaintiffs' claims. ECF No. 35 at 3–6; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *Aledlah v. S-L Distribution Co., LLC*, No. 20-CV-00234, 2020 WL 2927980, at *3 (N.D. Cal. June 3, 2020). Indeed, the fact that Google is unable to determine which webpages to which the FAC purportedly refers further demonstrates how minimal and attenuated any purported reference to those webpages is.

***Third***, as explained in Plaintiffs' response to the First RJN, the new webpages are also not subject to judicial notice. ECF No. 35 at 8–10. Although the webpages are publicly accessible, Google again fails to specify which facts within each exhibit it wants noticed, and the three exhibits together contain nearly 15,000 words and dozens of hyperlinks. *See Blake v. Canoo Inc.*,

No. CV 21-2873, 2022 WL 22919489, at 1 (C.D. Cal. July 19, 2022) (denying defendants' request for judicial notice because defendants did not identify which facts within each exhibit they wanted the court to judicially notice). Further, Google impermissibly asks the Court to assume the truth of the matters asserted, attempts to use the documents to create a disputed version of the facts alleged, and cites them to create a defense to the claims. *See Khoja*, 899 F.3d at 1003; *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019).

## CONCLUSION

Plaintiffs respectfully request that the Court deny Google's Second RJN in its entirety or, in the alternative, sustain Plaintiffs' objection to Google's reply evidence.

| | | |
|---|---|---|
| 1 | Dated: March 13, 2026 | Respectfully submitted, |
| 2 | | By: */s/ Rebecca A. Peterson* |
| | | Rebecca A. Peterson (241858) |
| 3 | | RPeterson@hechtpartners.com |
| 4 | | **HECHT PARTNERS, LLP** |
| | | 1650 West 82nd Street, Suite 880 |
| 5 | | Bloomington, MN 55431 |
| | | Tel.: (612) 778-9595 |
| 6 | | Fax: (888) 421-4173 |
| 7 | | |
| | | Julie U. Liddell (*pro hac vice*) |
| 8 | | julie.liddell@edtech.law |
| | | W. Andrew Liddell (*pro hac vice* |
| 9 | | forthcoming) |
| | | andrew.liddell@edtech.law |
| 10 | | **EDTECH LAW CENTER PLLC** |
| | | 904 Rio Grande Street, Suite 100 |
| 11 | | Austin, Texas 78701 |
| 12 | | Tel.: (737) 351-5855 |
| 13 | | Lori G. Feldman (*pro hac vice* forthcoming) |
| | | LFeldman@hechtpartners.com |
| 14 | | Michael Liskow (SBN 243899) |
| | | MLiskow@hechtpartners.com |
| 15 | | **HECHT PARTNERS, LLP** |
| 16 | | 125 Park Avenue, 25th Floor |
| | | New York, NY 10017 |
| 17 | | Phone: (212) 851-6821 |
| | | Fax: (888) 421-4173 |
| 18 | | |
| 19 | | Ryan J. Ellersick (Cal Bar No. 357560) |
| | | **ZIMMERMAN REED LLP** |
| 20 | | 6420 Wilshire Blvd., Suite 1080 |
| | | Los Angeles, CA 90048 |
| 21 | | Tel: (310) 752-9385 |
| 22 | | Will Horowitz (Cal. Bar No. 323961) |
| | | will@qureshi.law |
| 23 | | Omar G. Qureshi (Cal. Bar No. 323493) |
| | | omar@qureshi.law |
| 24 | | **QURESHI LAW PC** |
| 25 | | 700 Flower Street, Suite 1000 |
| | | Los Angeles, California 90017 |
| 26 | | Telephone: (213) 600-6096 |
| 27 | | *Counsel for Plaintiffs* |
| 28 | | |