**EDTECH LAW CENTER PLLC**
Julie U. Liddell (*pro hac vice*)
julie.liddell@edtech.law
904 Rio Grande Street, Suite 100
Austin, Texas 78701
Tel.: (737) 351-5855

*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN ROE AND JANE ROE, on behalf of themselves and their minor child, M.C., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civ. No. 4:25-cv-08927 <br><br> **CONDITIONAL NOTICE OF COMPLIANCE WITH THE COURT'S STANDING ORDER REGARDING ATTORNEY USE OF AI-GENERATED CONTENT** <br><br> Court: 19th Floor, Courtroom 10 <br> Judge: Hon. Araceli Martínez-Olguín |

As stated in their opposition to the motion to strike filed by Defendant Google ("Google"), Plaintiffs maintain that Section H(4) of the Court's Standing Order requiring that "[a]ny submission containing AI-generated content must include a certification that lead trial counsel has personally verified the content's accuracy" does not contemplate the use of content generated by a defendant's own AI model regarding the inner workings of the defendant's proprietary products. Plaintiffs here cite the output of Google's flagship public-facing general AI model Gemini ("Google's AI") in their First Amended Complaint ("FAC") to further demonstrate the plausibility of the allegations concerning the proprietary design mechanics of Google's own products. Plaintiffs do not understand the Court's Standing Order to require verification of this content, as it would be impossible for Plaintiffs to verify the accuracy of such content absent discovery.

However, to the extent the Standing Order is meant to apply to the content generated by Google's AI as used in the FAC, and to eliminate any dispute, the undersigned Lead Trial Counsel ("Counsel") hereby certifies and verifies as follows:

1. Counsel has personally reviewed and verified the accuracy of the underlying substantive concepts, frameworks, and structural mechanics of the allegations set forth in the Complaint, including those generated by Google's AI found in the FAC at paragraphs 70 & n.8, 75, 76 & n.9, 78, 80–83, 88, 95–96, 120, 126, 129, 138, 150–151, 154 & n.19, 183, 185–186.

2. Counsel verifies that the behavioral tracking mechanisms, algorithmic optimization matrices, and engagement-maximizing feedback loops described in those allegations are not AI "hallucinations." Rather, they accurately reflect established, peer-reviewed data-science and machine-learning baselines regarding platform design and algorithmic architecture.

3. Counsel further verifies that the descriptions of adolescent neurological vulnerabilities, dopamine-driven reinforcement pathways, and variable-reward engagement structures described in those allegations accurately reflect recognized, peer-reviewed scientific and neurobiological baselines regarding adolescent brain development.

4. Pursuant to Federal Rule of Civil Procedure 11(b)(3), because the proprietary backend source code, internal telemetry data, specific algorithmic weights, and specialized technical specifications of Google's products are within the exclusive custody and control of Google, Counsel verifies that the specific applications of these recognized data-science models to Google's proprietary systems are made upon information and belief, based on a reasonable and diligent pre-filing inquiry, and are explicitly identified as highly likely to have further evidentiary support after a reasonable opportunity for discovery.

5. Counsel further verifies that Counsel fully disclosed her use of AI in FAC: for each instance in which Counsel used content generated by Google's AI in the FAC, Counsel expressly identified the content as such and directly quoted or included a screenshot of the response generated by Google's AI.

## CONCLUSION

For the foregoing reasons, and to the extent the Standing Order applies to Counsel's use of content generated by Google's AI in the FAC, Counsel respectfully submits this Conditional Notice of Compliance to satisfy the administrative requirements of the Court's Order and resolve any remaining procedural dispute.

Dated:  June 2, 2026

Respectfully submitted,

By:  *s/ Julie U. Liddell*

Julie U. Liddell (*pro hac vice*)
julie.liddell@edtech.law
**EDTECH LAW CENTER PLLC**
904 Rio Grande Street, Suite 100
Austin, Texas 78701
Tel.: (737) 351-5855

*Counsel for Plaintiffs*